# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 27, 2023

Lyle W. Cayce
Clerk

No. 22-30240

Justin Granier,

*Petitioner—Appellant*,

*versus*

Tim Hooper, *Warden*, *Louisiana State Penitentiary*,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:18-CV-901

Before Clement, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

Justin Granier petitions for habeas relief from his state conviction of second-degree murder. But he cannot meet the strictures of the Anti-Terrorism and Effective Death Penalty Act.

## I.

A Louisiana grand jury charged Granier with murdering Luke Villar, a DeLaune's Supermarket employee, while Villar was cleaning the store

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

parking lot. Granier pleaded not guilty. At trial, both sides agreed to empanel Juror Gladys Mobley ("Juror Mobley") without objection. The Louisiana jury found Granier guilty of second-degree murder. Granier was sentenced to life imprisonment, without probation, parole, or suspension of sentence.

Granier appealed. The Louisiana Court of Appeal affirmed. The Louisiana Supreme Court denied review. Granier did not petition for certiorari.

After his conviction became final, Granier filed an application for post-conviction relief in Louisiana state court. The trial court denied all claims. The Louisiana Court of Appeal and Louisiana Supreme Court denied his writ applications.

Granier filed a second petition for post-conviction relief in state court, raising his claim of juror bias for the first time. Specifically, he argued that Juror Mobley knew and failed to disclose during voir dire that her son, Sam Mobley, was interviewed as part of the murder investigation.

The trial court ordered an evidentiary hearing. Upon learning that Juror Mobley died before the hearing, Granier filed a motion to submit an investigator's hearsay affidavit. The trial court admitted the hearsay evidence. The Louisiana Court of Appeal reversed, and the Louisiana Supreme Court denied Granier's writ application.

On remand, the trial court conducted an evidentiary hearing. Sam Mobley and Granier's trial counsel, Wade Petite, testified. Upon Granier's motion, the trial court ordered the State to disclose any information related to the search of Sam Mobley's residence. The State produced Sam Mobley's application for employment at DeLaune's Supermarket as well as detective notes documenting Sam Mobley's interview, Juror Mobley's relationship to Sam, and Juror Mobley's address.

No. 22-30240

Granier then filed a supplemental memorandum, adding a Fifth Amendment prosecutorial misconduct claim for failure to disclose Juror Mobley's connection to the case. The State filed multiple motions to dismiss. The trial court rejected all the State's motions. The Louisiana Supreme Court reversed. It stated:

> Defendant's complaint regarding the seating of the now-deceased juror fails to allege a claim which, if established, would entitle him to relief. La.C.Cr.P. art 928. *See also Burton v. Johnson*, 948 F.2d 1150, 1156 (10th Cir. 1991) ("A party who seeks a new trial because of non-disclosure by a juror during voir dire must show actual bias, either by express admission or proof of specific facts showing a close connection to the circumstances at hand that bias must be presumed."). In addition, defendant has failed to show the state withheld material exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

ROA.4176.

Subsequently, Granier filed a petition for federal habeas review under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254. The magistrate judge concluded that, absent factual findings on whether Granier could prove his allegations, the Louisiana Supreme Court's decision was "contrary to clearly established federal law." ROA.1010. The magistrate judge therefore ordered a federal evidentiary hearing. After the hearing, however, the magistrate judge agreed with the State and recommended the court deny the claims on the merits. The district court agreed but granted Granier a certificate of appealability ("COA") on his juror bias and prosecutorial misconduct claims.

II.

Our review is highly deferential to the state court's decision. AEDPA's relitigation bar applies to both of Granier's claims because the

state courts adjudicated them on the merits. *See* 28 U.S.C. § 2254(d). Under the relitigation bar, we are authorized to grant habeas relief only if there "is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the United States Supreme] Court's precedents." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). We can only review the state court record in this case. *See* 28 U.S.C. § 2254(d)(2); *Shoop v. Twyford*, 142 S. Ct. 2037, 2043 (2022); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). These standards doom Granier's claims for both (A) juror bias and (B) prosecutorial misconduct.

## A.

We first address Granier's juror bias claim. The Sixth Amendment guarantees the right to an impartial jury. *See* U.S. Const. amend. VI; *Skilling v. United States*, 561 U.S. 358, 377 (2010). "On federal habeas review, state court findings concerning a juror's impartiality are factual determinations entitled to a presumption of correctness." *Buckner v. Davis*, 945 F.3d 906, 910 (5th Cir. 2019); *see also Patton v. Yount*, 467 U.S. 1025, 1036 (1984) (finding that a question of juror bias "is plainly one of historical fact"); *Skilling*, 561 U.S. at 386 (emphasizing, on direct review of a federal conviction and hence without the added strictures of AEDPA, that reviewing courts must resist "second-guessing the trial judge's estimation of a juror's impartiality").

To bring a claim of bias, Granier "must first demonstrate that a juror failed to answer honestly a material question on *voir dire*, and then further show that a correct response would have provided a valid basis for a challenge for cause." *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556 (1984). Granier must first point to a clear voir dire question that Juror Mobley failed to answer truthfully. *See Hatten v. Quarterman*, 570 F.3d 595, 602 (5th Cir. 2009). Then Granier must show that Juror Mobley lied. *See id.*

Specifically, Granier must show that—on the record before the state court—Juror Mobley *knew* about her son's connection to the case and lied, not merely that she provided an inaccurate or incomplete answer. *See id.* Allegations based on "subjective," "vague and ambiguous" questions are insufficient. *Id.* Then of course, even assuming he could show that Juror Mobley was unconstitutionally biased, Granier would also have to show that the Louisiana state court's contrary determination was not only wrong but was *so* wrong that it contravened AEDPA's relitigation bar. *See* 28 U.S.C. § 2254(d).

Granier cannot come close to meeting these standards. He does not identify any voir dire question that Juror Mobley failed to answer honestly. Nor can he state a claim—much less overcome the relitigation bar—by arguing that Juror Mobley failed to disclose her knowledge. The record before the state court—which is all that matters for the relitigation bar, *see* 28 U.S.C. § 2254(d)(2)—contained only Sam Mobley's testimony, Wade Petite's testimony, and the police notes. Taken together, they don't prove that Juror Mobley failed to disclose anything.

Granier also argues that we should *imply* Juror Mobley's bias. This implied-bias claim faces two insurmountable hurdles. First, Granier concedes that he cannot meet the *McDonough Power Equipment* framework. And second, it's impossible for Granier to show that the state court contravened "clearly established Federal law, as determined by the Supreme Court of the United States" if he cannot point to a relevant *holding* from the Supreme Court. 28 U.S.C. § 2254(d)(1); *see also Terry Williams v. Taylor*, 529 U.S. 362, 412 (2000) (holding that "clearly established Federal law" in § 2254(d)(1) "refers to the *holdings*, as opposed to the dicta, of this Court's decisions as of the time of the relevant state-court decision" (emphasis added)); *Carey v. Musladin*, 549 U.S. 70, 74 (2006) (same). But Granier can point to no such holding. The best he can muster is Justice O'Connor's

concurrence in *Smith v. Phillips*, 455 U.S. 209 (1982), and Justice Brennan's concurrence in *McDonough Power Equipment*. But concurrences do not create clearly established law. *See Terry Williams*, 529 U.S. at 412. Accordingly, we cannot rely on these authorities, and Granier's bias claims fail.

### B.

Granier also brings a claim of prosecutorial misconduct, alleging that the State violated his Fifth Amendment right to due process when it withheld information about Juror Mobley and failed to correct her during voir dire. The success of this claim depends on his juror bias claim. Because his juror bias claim fails, his prosecutorial misconduct one does too.

### III.

Finally, even if Granier could satisfy AEDPA's rigid threshold requirements, he still cannot show that "law and justice require" his release. 28 U.S.C. § 2243. That's because "law and justice do not compel issuance of the writ in the absence of factual innocence," and Granier has never claimed to be factually innocent. *Crawford v. Cain*, 55 F.4th 981, 993–94 (5th Cir. 2022).

AFFIRMED.